IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARCUS A. SATTERFIELD, | ) |
| Plaintiff, | ) |
| v. | ) 1:22CV996 |
| TIMOTHY VAUGHN, | ) |
| Defendant. | ) |

## RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's five motions: (1) "Motion to Amend City of Roxboro to the Lawsuit to Uphold the State of Sueing his Official Compacity"[1] ("First Motion to Amend") (Docket Entry 11); (2) "Motion for Summery Judgement" ("First Summary Judgment Motion") (Docket Entry 12); (3) "Motion for Summery Judgement" ("Second Summary Judgment Motion") (Docket Entry 13); (4) "Motion to Amend Complaint" ( "Second Motion to Amend") (Docket Entry 14); and (5) "Motion to Leave or Dismissal of Claim" ("Notice of Voluntarily Dismissal") (Docket Entry 16). For the following reasons, the undersigned recommends denying the First Motion to Amend; denying as moot the First Summary Judgment Motion, Second Summary Judgment Motion, and Second Motion to Amend; and granting Plaintiff's Motion to Voluntarily Dismiss.

I.     **Background**

In November 2022, Plaintiff Marcus A. Satterfield ("Plaintiff"), a pro se pretrial detainee, filed a Complaint (Docket Entry 3) and two Applications to Proceed In Forma

---

[1] Quotations are written as they appear within the source document, including misspellings.

Pauperis ("IFP") against Timothy Vaughn ("Defendant Vaughn"). (Docket Entries 1, 2.) Plaintiff claims that Defendant Vaughn works for the "Person County Sheriffs Department/Detention Center" as a "shift sergeant" and tased him "for no reason." (Docket Entry 3 at 2, 7.)[2] More specifically, he alleges that shortly after his arrest, while being held at the Person County Detention Center, Defendant Vaughn "was called in as [Plaintiff] was pushing the button to get assistance to as why their officer was disrespectful" and tased him "not because he had too but because he wanted to." (*See id.* at 5.) Plaintiff has multiple requests for relief, including damages in the amount of $800,000, the detention center "to actually start charging these people who also commit raciest criminal activity," and the "Person County Jail" to be run by the federal government. (*See id.*)

The Court granted Plaintiff's IFP status (Docket Entry 4) and ordered the Clerk to send Plaintiff a summons. (Docket Entry 5.) A summons for Defendant Vaughn was issued and returned executed on April 8, 2023. (Docket Entries 7, 10.) In June 2023, the Court entered a Text Order that noted, "the record reflects that Defendant Timothy Vaughn's answer was due 3/3/2023 but no answer was filed. . . . [H]owever, it's unclear who received the summons as mailing tracking information states, 'Delivered, Left with Individual.'" (Text Order dated 06/07/2023.) Accordingly, the undersigned ordered the U.S. Marshall to "make a second attempt to serve the summons and complaint upon Defendant." (*See id.*) A second

---

[2] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

summons was issued and returned executed for Defendant Vaughn in July 2023. (*See* Docket Entry 15.)

In June 2023, Plaintiff filed his First Motion to Amend. (Docket Entry 11.) In his motion, he seems to request that either Person County or the City of Roxboro be added as a defendant. (*Id.*) Later that month, Plaintiff filed his Second Motion to Amend. (Docket Entry 14.) In it, he reiterates the events surrounding being tased and notes, "This complaint should be served on one Mr. Timmy Vaughn along with this civil summons." (*Id.* at 1.)

Plaintiff has also filed two motions which he designates as motions for summary judgment. (Docket Entries 12, 13.) In his First Motion for Summary Judgment, he requests summary judgment "because it's been since January 26, 2023 and 21 till 60 days has pasted Im intitled for judgment for failure to act or respond." (*See* Docket Entry 12 at 1.) On the same day, he filed a Second Motion for Summary Judgment, which notes "I recommend full payment from [Defendant's] insured position of his official compasity and what ever monthly payments hes required to pay in his personal capacity." (Docket Entry 13 at 1.)

Finally, in September 2023, Plaintiff filed a Notice to Voluntarily Dismiss, in which he states he is voluntarily dismissing "my claim against one Timmy Vaughn of Person County Detention Center!" (Docket Entry 16 at 1.) He also asserts,

> I voluntarily offer that no other lawsuit shall be placed against Timmy Vaughn by me after the dismissal of this claim! In the account of my payment of three hundred and fifty dollars that has been rendered and or paid I would ask the courts to ask Timmy Vaughn apon my dismissal of this claim would he mind to donate 350 dollars as claim reimbursement?

(*Id.*) At present, Defendant Vaughn has not filed a responsive pleading or otherwise responded.

## II.  Discussion

### Standard of Review

Pro se complaints are to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). "Liberal construction is particularly appropriate when a pro se complaint raises civil rights issues." *Moody-Williams v. LipoScience,* 953 F. Supp. 2d 677, 680 (E.D.N.C. 2013); *see also Brown v. N.C. Dept. of Corr.,* 612 F. 3d 720, 722 (4th Cir. 2010). However, even under liberal construction, "generosity is not fantasy," and the court is not expected to plead a plaintiff's claim for him. *Pender v. Suburban Hosp., Inc.,* 159 F.3d 186, 192 (4th Cir. 1998).

### First Motion to Amend

Plaintiff filed a motion entitled "Motion to Amend City of Roxboro to the Lawsuit to Uphold the State of Sueing His Official Compasity." (Docket Entry 11 at 1.) In his motion, he states the motion's purpose is

> to correct any and all flaws related to this lawsuit and complaint . . . . I now realize that by the states admissiable standards that any officer sued in their official compasity must also be sued by person suing the city or county person works in. I had first started my claims doing as such but received papers saying that city of Roxboro and or county couldn't be sued. This memorandum states that the US District Courts may have misinformed me when stating the correction needed to pursue my complaints. . . . I'm filing a motion to amend corrections.

*Id.*

Under Rule 15, a plaintiff is allowed to amend a complaint once as a matter of right. Fed. R. Civ. P. 15(1); *see also Deal v. Chung,* No. 1:13-CV-1033, 2014 WL 3487816, at *1 (M.D.N.C. July 11, 2014) ("Plaintiff is entitled under Federal Rule of Civil Procedure 15(a)(1) to amend his Complaint one time even without Court permission.") However, because Plaintiff proceeds in forma pauperis under 28 U.S.C. § 1915A, the Court is required to "dismiss

the complaint, or any portion of the complaint, if [it] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see also Deal,* No. 1:13-CV-1033, 2014 WL 3487816, at *1. A complaint or amendment to a complaint "fails to state a claim upon which relief may be granted" when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Here, Plaintiff's First Motion to Amend fails for several reasons. First, it is unclear which entity Plaintiff is attempting to add as a defendant. Plaintiff notes the "City of Roxboro and or county" multiple times in his motion.[3] (*See* Docket Entry 11 at 1.) Nevertheless, claims against either entity fail because the only factual matter that Plaintiff alleges in his Complaint is that Defendant Vaughn tased him without justification; he does not allege a custom or policy of either entity caused the alleged violation. *See Allen v. Pers. Cnty.,* No. 5:23-CV-131-FL, 2023

---

[3] The undersigned takes judicial notice that the City of Roxboro sits within Person County. *See* PERSON COUNTY, NC, http://www.personcountync.gov (last visited Feb. 3, 2024).

WL 3214612, at *4 (E.D.N.C. Apr. 6, 2023), *report and recommendation adopted*, No. 5:23-CV-131-FL, 2023 WL 3205325 (E.D.N.C. May 2, 2023) ("A county or municipality may be found liable . . . only when execution of a government's policy or custom, . . . by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.") (internal quotations omitted).

Further, construing his motion as an attempt to add Person County as a defendant fails because, under North Carolina law, a sheriff's deputy "is an employee of the sheriff, not the county." *See Parker v. Bladen Cnty.,* 583 F. Supp. 2d 736, 739 (E.D.N.C. 2008). Thus, a county is the incorrect entity to sue for the actions of a sheriff's officer. *See Biers v. Cline*, No. 12CV375, 2015 WL 4508719, at *9 (M.D.N.C. July 24, 2015 ("[U]nder North Carolina law, the sheriff, not the county encompassing his jurisdiction, has final policymaking authority for hiring, supervising, and discharging personnel in the sheriff's office." (quoting *Parker,* 583 F. Supp. 2d at 739)).[4] Therefore, for the reasons stated herein, the undersigned recommends denying Plaintiff's first motion to amend. (Docket Entry 11.)

Moreover, a claim against the City of Roxboro also fails because, as Plaintiff states in his Complaint, Defendant Vaughn works for the "Person County Sherriffs Department/Detention Center," not the City of Roxboro. (*See* Docket Entry 3 at 2.) *See Wright v. Hill*, No. 1:03CV00109, 2008 WL 942101, at *1 n.3 (M.D.N.C. Apr. 7, 2008) (noting that a city is a "separate governmental entity" from a county). Accordingly, the undersigned recommends that Plaintiff's First Motion to Amend be dismissed for failure to state a claim.

---

[4] Additionally, the Sheriff's Department is not an entity that can be sued. *McNeil v. Guilford Cnty. Sheriff Dep't*, No. 1:09CV999, 2010 WL 377000, at *3 (M.D.N.C. Jan. 25, 2010) ("There is no North Carolina statute authorizing suit against a county's sheriff's department.").

## Motion to Voluntarily Dismiss

Plaintiff has also filed a "Motion to Leave or Dismissal of Claim," which the Court construes as a voluntary Notice to Dismiss pursuant to Federal Rule of Civil Procedure 41. (Docket Entry 16.) Under Rule 41, "a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer" or upon "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A); *see also Duncan v. Pendergrass,* No. 1:19CV459, 2021 WL 11430607, at *5 (M.D.N.C. Apr. 13, 2021), *report and recommendation adopted,* No. 1:19-CV-459, 2021 WL 11430624 (M.D.N.C. May 20, 2021). When considering a voluntary dismissal, the court "must focus primarily on protecting the rights of the defendant," particularly "whether substantial prejudice will result from a voluntary dismissal." *James v. Univ. of N. Carolina Health Care Sys.,* No. 1:18-CV-339, 2020 WL 13694733, at *2 (M.D.N.C. Jan. 22, 2020) (quoting *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987)).

Rule 41 notes that voluntary dismissals are generally dismissed without prejudice "[u]nless the notice or stipulation states otherwise." *Id.*; Fed. R. Civ. P. 41(a)(1)(B). Nevertheless, it is entirely within the court's discretion to determine whether dismissal with prejudice is warranted. *James,* No. 1:18-CV-339, 2020 WL 13694733, at *2.

Here, Defendant Vaughn has not answered or otherwise responded to Plaintiff's Complaint, so Plaintiff may dismiss the action without a signed stipulation. In his motion, Plaintiff "voluntarily offer[s] that no other lawsuit shall be placed against Timmy Vaughn by me after the dismissal of this claim." (Docket Entry 16 at 1.) The undersigned construes this statement as an assertion that the claim be dismissed with prejudice pursuant to Rule 41.

Therefore, the undersigned recommends that Plaintiff's Notice to Voluntarily Dismiss be granted with prejudice as to Defendant Vaughn. (Docket Entry 16.) *See e.g., Doe v. Salisbury Univ.,* 123 F. Supp. 3d 748, 771 (D. Md. 2015) (granting a requested motion to voluntarily dismiss with prejudice).

Plaintiff further "ask[s] the courts to ask Timmy Vaughn apon my dismissal of this claim would he mind to donate $350 as claim reimbursement?" (Docket Entry 16 at 1.) However, the court does not "give advisory opinions" and therefore cannot advise a defendant to consider donating money to a plaintiff. *See Preiser v. Newkirik,* 422 U.S. 395, 401 (1975) (noting that a court's judgments must "resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts") (citation omitted). Since the Court may order dismissal "upon such terms and conditions as the court deems proper," the undersigned does not recommend conditioning Plaintiff's voluntary dismissal upon any action by Defendant Vaughn.

**Remaining Motions**

Having addressed Plaintiff's Notice to Voluntarily Dismiss and recommended denying his First Motion to Amend, the undersigned recommends that Plaintiff's remaining motions—Second Motion to Amend (Docket Entry 14), First Motion for Summary Judgment (Docket Entry 12), and Second Motion for Summary Judgment (Docket Entry 13)—all be denied as moot.[5]

---

[5] Were the undersigned to further consider these motions, they would similarly fail. Regarding the two summary judgment motions, if Plaintiff intended these motions as requests for summary judgment (Docket Entries 12, 13), such requests would be premature at this stage in litigation. *Ada*

### III. Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff's "Motion to Leave or Dismissal of Claim," which the undersigned construes as a notice of dismissal, be **GRANTED**. (Docket Entry 16.) Accordingly, **IT IS RECOMMENDED** that all claims against Defendant Vaughn be **DISMISSED WITH PREJUDICE**. **IT IS FURTHER RECOMMENDED** that Plaintiff's First Motion to Amend (Docket Entry 11) be **DENIED**, and Plaintiff's Second Motion to Amend (Docket Entry 14), First Motion for Summary Judgment (Docket Entry 12), and Second Motion for Summary Judgment (Docket Entry 13) all be **DENIED AS MOOT**.

/s/ Joe L. Webster
United States Magistrate Judge

February 5, 2024
Durham, North Carolina

---

*Liss Grp. (2003) Ltd v. Sara Lee Corp.*, No. 1:06-CV-00610, 2010 WL 11541924, at *2 (M.D.N.C. Nov. 16, 2010) ("As a general rule, granting summary judgment before the completion of all discovery is inappropriate."). Alternatively, the First Summary Judgment Motion requests a "judgment for failure to act or respond," which could be liberally construed as a motion for an entry of default against Defendant Vaughn pursuant to Rule 55. (Docket Entry 12 at 1.) Given that Plaintiff later voluntarily dismissed Defendant Vaughn, a motion requesting an entry of default would be moot. Next, Plaintiff's Second Motion to Amend requests "full payment" from Defendant Vaughn. (*See* Docket Entry 13 at 1.) For the reasons stated above, such a motion would be premature because Defendant has not yet responded to the Complaint. Lastly, Plaintiff's Second Motion to Amend (Docket Entry 14) requests that the "complaint be served on one Mr. Timmy Vaughn along with his civil summons," which the Court liberally construes as a motion for service. However, on the Court's order, a summons was reissued to Defendant Vaughn and returned executed. (*See* Text Order dated 06/07/2023; *see* Docket Entry 15.) Therefore, a motion requesting service would be moot.