IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCUS ANTONIO SATTERFIELD,    )
                                )
            Plaintiff,          )
                                )
    v.                          )       1:22-cv-996
                                )
TIMOTHY VAUGHN,                 )
                                )
            Defendant.          )

## ORDER

This matter is before the court for review of the Recommendation ("Recommendation") filed on February 5, 2024, by the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 17.) The Recommendation was served on Plaintiff on February 5, 2024. (Doc. 18.) In the Recommendation, the Magistrate Judge recommends denying Plaintiff's First Motion to Amend; denying as moot Plaintiff's First and Second Summary Judgment Motions; denying as moot Plaintiff's Second Motion to Amend; and granting Plaintiff's Motion to Voluntarily Dismiss. (Doc. 17 at 9.) Plaintiff timely filed objections to the Recommendation. (Doc. 19.)

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge . . . or recommit the matter to the [M]agistrate [J]udge with instructions." Id.

Plaintiff filed two motions to amend the complaint, (Docs. 11, 14), and two motions for summary judgment, (Docs. 12, 13), before service of process on Defendant was completed. The Magistrate Judge noted on June 7, 2023, that it was not clear who received the summons and directed the Marshal to make a second attempt to serve the Defendant. (Text Order 06/07/2023.) Service was attempted for a second time and again the tracking slip was returned with a note of "Delivered, left with Individual," making it unclear whether Defendant was served.[1] (See Doc. 15 at 12.)

Plaintiff thereafter filed a "Motion to Leave or Dissmissal [sic] of Claim in Case Matter #1:22-cv-996." (Doc. 16.) Plaintiff stated in his motion that "I'm coming to the courts with sound mind and on my own accord to ask the courts to dissmiss [sic] my claim against one Timmy Vaughn of Person County Detention Center!" (Id. at 1.) The Magistrate Judge was

---

[1] This court declines to adopt the Recommendation as to whether service was effected on the second attempt. This court is unable to determine whether service was effected, as both tracking forms merely say "Delivered, left with Individual," and this court would decline to award entry of default on that information.

referred the matters, see Fed. R. Civ. P. 72(b), and recommended that Plaintiff's motion to dismiss be granted with prejudice because Plaintiff stated "that no other lawsuit shall be placed with me after the dismissal of this claim." (See Doc. 17 at 7-8.) Plaintiff has now objected and opposes "the Magistrates Judges Recommendations and Remove my Voluntarily Dissmissal [sic]." (Doc. 19 at 1.) Plaintiff argues that "Defendant Timothy Vaughn Has Been Served and By Rules of The Civil Courts The Defendant must Respond or The Plaintiff is automatically awarded summary Judgement [sic]."[2] (Id.) Plaintiff contends he is entitled to damages. (Id.)

All of these facts were apparent to Plaintiff, as they appeared on the ECF docket at the time Plaintiff requested dismissal of this action. Plaintiff acknowledged his awareness of Defendant's failure to respond to the complaint in both motions for summary judgment. (See, e.g., Doc. 12 at 1 ("I'm filing This motion for summary Judgement [sic] Because It's Been Since January 26, 2023 and 21 till 60 days Has [passed]. I'm Intitled [sic] for Judgement [sic] for Failure To Act or Respond.").) In spite of that awareness, Plaintiff filed a motion to dismiss the complaint, (Doc. 16), and the Magistrate

---

[2] As noted earlier, it is not clear that Defendant has been properly served.

Judge thereafter entered a well-reasoned recommendation, (Doc. 17).

Although Plaintiff could have dismissed his complaint by filing a notice, see Fed. R. Civ. P. 41(a)(1)(A)(i), he chose to file a motion which in turn required court action. Plaintiff's arguments in support of his withdrawal of that motion, including a claim that he should "Receive summary Judgement [sic] for The Amount of $800,000 dollars," are not compelling. (Doc. 19 at 1.) It is not clear what may have led to Plaintiff's change, particularly considering Plaintiff's entitlement to any judgment is far from clear on this record.

A party has the authority to withdraw a motion for voluntary dismissal under certain circumstances. See Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 471 n.1 (4th Cir. 1993); Andes v. Versant Corp., 788 F.2d 1033, 1036–37 (4th Cir. 1986). However, a motion to voluntarily dismiss "should not be denied absent substantial prejudice to the defendant." Andes, 788 F.2d at 1036. Furthermore, "[t]he purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir 1987). Plaintiff's argument fails to establish any prejudice, much less unfair prejudice.

-4-

Nevertheless, the court will modify the Recommendation to allow dismissal without prejudice. Rule 41(a)(2) allows a dismissal on terms the court considers proper and, unless otherwise ordered, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(2). Although the Magistrate Judge's reasoning in making the dismissal with prejudice is sound, (see Doc. 17 at 7-8), this court will order the dismissal without prejudice.

The court has appropriately reviewed the Recommendation and Plaintiff's objections and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Magistrate Judge's Recommendation, with the following modification: the dismissal is without prejudice.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 17), is **ADOPTED** except as described herein. **IT IS FURTHER ORDERED** that Plaintiff's First Motion to Amend, (Doc. 11), is **DENIED;** and that both of Plaintiff's Motions for Summary Judgment, (Docs. 12, 13), and Plaintiff's Second Motion to Amend, (Doc. 14), are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Leave or Dissmisal of Claim," (Doc. 16), which the court construes as a notice of dismissal, is hereby **GRANTED** and all claims against Defendant Timothy Vaughn are **DISMISSED WITHOUT PREJUDICE.**

A Judgment dismissing this action will be filed contemporaneously with this Order.

This the 5th day of March, 2024.

_____
United States District Judge